HOGAN LOVELLS US LLP
Paul Salvaty (Bar No. 171507)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
paul.salvaty@hoganlovells.com

J. Robert Robertson (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Kimberly D. Rancour (*pro hac vice*)
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
robby.robertson@hoganlovells.com
justin.bernick@hoganlovells.com
kimberly.rancour@hoganlovells.com

Attorneys for Defendants PRC-DESOTO
INTERNATIONAL, INC.; PPG INDUSTRIES,
INC.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PACKAGING SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PPG INDUSTRIES, INC.; PRC DESOTO INTERNATIONAL, INC., <br><br> Defendants. | Case No. 2:16-cv-09127-ODW-JPR <br> Consolidated: 2:16-cv-08669-ODW-AS <br><br> **PROTECTIVE ORDER** <br><br><br> JUDGE: Hon. Otis D. Wright, II <br> CTRM: First Street – Courtroom 5D |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to the stipulation of Plaintiff PACKAGING SYSTEMS, INC. ("PSI") and Defendants PPG INDUSTRIES, INC. and PRC DESOTO INTERNATIONAL, INC. ("PPG"), the Court orders as follows:

**I.     Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section IV.7, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**II.    Good Cause Statement**

This action is likely to involve trade secrets, customer and pricing lists, confidential business strategies regarding the aerospace industry, and other valuable proprietary information, such as formulas, recipes, or metrics, regarding how aerospace sealants are manufactured or packaged, for which the parties believe special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, information regarding confidential business strategies, or other confidential research, development, or commercial information, information otherwise generally

1  unavailable to the public, or which may be privileged or otherwise protected from
2  disclosure under state or federal statutes, court rules, case decisions, or common
3  law. Accordingly, to expedite the flow of information, to facilitate the prompt
4  resolution of disputes over confidentiality of discovery materials, to adequately
5  protect information the parties believe they are entitled to keep confidential, to
6  ensure that the parties are permitted reasonable necessary uses of such material in
7  preparation for and in the conduct of trial, to address their handling at the end of the
8  litigation, and serve the ends of justice, a protective order for such information is
9  justified in this matter. It is the intent of the parties that information will not be
10 designated as confidential for tactical reason and that nothing be so designated
11 without a good faith belief that it has been maintained in a confidential, non-public
12 manner, and there is good cause why it should not be part of the public record of
13 this case.

### III.  ESI Production Specifications

1. Except as set forth below, each Party will produce ESI in single-page TIFF format with corresponding load files and multi-page OCR text tiles. TIFF files shall be created directly from the original electronic documents; a Party may not create a TIFF file from ESI by printing out paper copies of that electronic document and then scanning that paper copy of the ESI. All TIFF files will conform to the following specifications:

   a. All TIFF files will be single page, black and white CCITT group 4 TIFF at 300x300 dpi resolution and $8\frac{1}{2}$ x 11 inch page size, except for documents requiring different resolution or page size.

   b. A standard format load file (e.g., Opticon opt, Summation Dii, etc.) containing the production control number of each page and the appropriate unitization of the documents shall accompany the TIFF production.

c. Any Party or non-party who receives Discovery Material in connection with the Litigation (each, a "Receiving Party") shall specify the requested load file format in advance of the production. Parties, however, shall not be required to produce Discovery Material in Summation eDii format.

d. Parties shall produce the following metadata fields to the extent they exist with respect to the original electronic document or information, including files produced natively pursuant to paragraph III.1.e below:

1. BegAttach
2. EndAttach
3. From
4. To
5. Cc
6. Bcc
7. Subject
8. Datesent
9. Datecreated (documents)
10. DateModified (documents)
11. Media (email or attachment)
12. BegDoc
13. EndDoc
14. Custodian
15. FileName
16. OriginalFilePath
17. NativeLink
18. TextPath

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

  e. All PowerPoint Files, Excel Files, Access files, sound files (wave, mp3, etc.) and other files that cannot be easily converted to image format shall be produced in native electronic format only. The Party shall produce a single page TIFF "placeholder" page for each such file bearing a Bates number and the file name, file type, and file extension.

  2. The cost of preserving, collecting and producing ESI shall be borne by the Producing Party.

  3. The parties agree to comply with their preservation obligations under Fed. R. Civ. P. 37(e). Producing Parties agree to promptly identify ESI responsive to Requesting Parties' discovery requests that is not reasonably accessible because of undue burden or cost, or that is otherwise unreasonable, pursuant to Fed. R. Civ. P. 26(b)(2)(B) and to meet and confer regarding such ESI with the goal of providing relevant information on a reasonable and efficient basis. The Parties agree to meet and confer similarly regarding the production of ESI from databases that is responsive to discovery requests.

  4. Emails and related attachments will be produced such that their parent-child or family relationship is maintained. If an email contains attachments, each attachment should be produced sequentially following the email. When emails are produced, they should be produced in a manner that displays the following headers: (i) the sender, (ii) the persons copied on the email, including carbon-copy recipients ("CCs") and blind-copy recipients ("BCCs"), (iii) the date and time the email was sent, and (iv) the subject of the email. If parties choose to withhold duplicate emails from production, the "Custodian" metadata field must identify any and all individuals who possessed the email (or any duplicates).

**IV.** **Treatment of Confidential and Highly Confidential Discovery Material**

  1. Any Party or non-party who produces Discovery Material in connection with the Litigation (each a "Producing Party") may designate such as

*"Confidential"* under the terms of this Stipulation, provided that the Producing Party in good faith reasonably believes that such Discovery Material contains personal, non-public, confidential, proprietary or commercially sensitive information (hereinafter "Confidential Discovery Material") that qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(G), and as specified above in the Good Cause Statement.

2. Any Producing Party may designate Discovery Material as *"Highly Confidential"* under the terms of this Stipulation, provided that the Producing Party in good faith reasonably believes that such Discovery Material contains information subject to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and that disclosure of such information to persons other than those listed in paragraph IV.9 would create a risk of serious harm to the Producing Party that could not be avoided by less restrictive means (hereinafter "Highly Confidential Discovery Material").

3. Notwithstanding any other provisions of this Stipulation, Confidential and Highly Confidential Discovery Material (including Confidential Health Information, as defined below) shall be disclosed and used by the Receiving Party only for the purposes of preparing for and conducting the Litigation, and may not be disclosed or used for any other purpose. Such Confidential and Highly Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected material must be stored and maintained by a Receiving Party at a location and in a secure manner than ensures that access is limited to the persons authorized under this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section IV.15 below.

4. Producing Parties shall designate Confidential and Highly Confidential Discovery Material in the following manner:

a. In the case of documents or other materials (apart from depositions or other pretrial testimony), by manually or electronically affixing the legend "Confidential" to each page of any document containing any Confidential Discovery Material and "Highly Confidential" to each page of any document containing any Highly Confidential Discovery Material, and by making it clear that the designations were made for purposes of this Litigation; and

b. In the case of depositions or other pretrial testimony, by :
   i. as to non-parties, a statement on the record, by counsel, at or before the conclusion of the specific portion of the testimony deemed Confidential or Highly Confidential; or
   ii. as to non-parties or Parties, written notice, sent by counsel to all Parties within fourteen business days of receipt of the deposition or testimony transcript, specifying the portion(s) of the deposition or testimony transcript that the Producing Party is designating as "Confidential" or "Highly Confidential"; provided that only those specific pages and lines of the transcripts designated as Confidential and Highly Confidential Discovery Material shall be deemed confidential.
   iii. Depositions shall be treated as Highly Confidential Discovery Material until fourteen business days after counsel for the Producing Party receives a copy of the transcript.

5. Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected by supplemental written notice designating such Discovery Material as Confidential or Highly Confidential Discovery Material; provided,

however, any such designation shall only be effective as of the date of receipt of the designation, and not retroactively.

6. If a Party disagrees with a Producing Party's designation of Discovery Material as Confidential or Highly Confidential Discovery Material, such Party may challenge such designation at any time that is consistent with the Court's Scheduling Order. The Party challenging the designation shall initiate the dispute resolution process under Local Rule 37-1 et seq. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2. While any such challenge is pending, the Discovery Material or testimony in question shall be treated as Confidential or Highly Confidential Discovery Material in accordance with its original designation. Designation of any material as "Confidential" or "Highly Confidential" shall not create any presumption that documents and transcripts so designated are confidential. The Party asserting the confidential nature of the information shall bear the burden of persuading the Court that the designated material should be treated as Confidential or Highly Confidential Discovery Material.

7. Any Party who wishes to file with the Court any pleading, brief, memorandum, motion, letter, affidavit, or other document that constitutes, discloses, characterizes or otherwise communicates Confidential or Highly Confidential Discovery Material ("Filing Party") shall file a motion under L.R. 79-5 seeking to seal the Confidential or Highly Confidential Discovery Material. Protected material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. The manner in which Confidential or Highly Confidential Discovery Material shall be handled with respect to the trial of this action shall be considered and determined by the Court prior to trial.

8. Confidential Discovery Material may be disclosed in whole or in part only to the following Persons:

   a. each Party, and any officer or employee of a named Party that is an entity, to the extent that such officer or employee is assisting in the preparation and trial of this Litigation or appears as a Witness;

   b. outside counsel for the Parties, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting in the preparation and trial of this Litigation ("Outside Counsel");

   c. inside counsel for the Parties, and the paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who have responsibility for supervising or are assisting in the preparation and trial of this Litigation ("Inside Counsel");

   d. any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document and their counsel, as well as persons who participated in or attended any meeting or discussion described in the particular document and their counsel;

   e. experts or consultants engaged to assist counsel for the Parties, and partners, associates, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting in the preparation and trial of this Litigation ("Expert" or "Consultant"), provided that the Expert or Consultant and their agents agree at that time or in advance to be bound by the

terms and conditions of this Stipulation by signing the
Acknowledgment attached hereto as Exhibit A;

 f. the Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom;

 g. any person who testifies as a witness at a deposition or pre-trial hearing during the course of the deposition or hearing ("Witness"), provided that the Witness agrees at that time or in advance to be bound by the terms and conditions of this Stipulation by signing the Acknowledgment attached hereto as Exhibit A;

 h. any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned by the Court; and

 i. any other person only upon order of the Court, or written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed.

9. Highly Confidential Discovery Material may be disclosed in whole or in part only to the Persons listed in paragraphs 8(b), (d), (e), (f), (h), and (i).

10. Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of the Stipulation shall not:

 a. prevent any Party from disclosing its own Confidential or Highly Confidential Discovery Material; any such disclosure by a Party of such Party's own Confidential or Highly Confidential Discovery Material shall not be a waiver of the provisions contained herein;

 b. restrict the use or disclosure by a Party or witness of documents, materials, or information obtained by such Party or witness independently of the discovery proceedings in the Litigation;

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

c. restrict the use or disclosure by a Party or witness of documents or information already in the Party or witness' possession, custody or control;

d. prejudice the right of any Party or Producing Party to object to the production of documents or information they consider not subject to discovery;

e. prejudice the right of any Party or Producing Party to object to the authenticity or admissibility into evidence of any Confidential or Highly Confidential Discovery Material;

f. operate as an admission by any Party or Producing Party that any particular Discovery Material constitutes Confidential or Highly Confidential Discovery Material;

g. prejudice the right of any Party or Producing Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Stipulation;

h. prejudice the right of any Party or Producing Party to petition the Court for a further protective order concerning any Discovery Material; or

i. prevent any Party or Producing Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

12. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order, and (d) request such person or persons to execute the

"Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. The Parties will be obliged to identify a large volume of documents and other materials to be retrieved, collected, reviewed and made available for review and copying by the opposing Part(ies). In order to preserve the rights of all Parties and to permit the matter to proceed in accordance with the rules and schedule prescribed by the Court, pursuant to Federal Rule of Evidence 502:

    a. Each Party shall make best efforts to identify all information that it deems privileged or subject to work product protection and to assert the privilege or protection if appropriate.

    b. If information subject to a claim of attorney-client privilege or work product protection or otherwise immune from discovery is inadvertently disclosed or produced by the Producing Party (hereinafter referred to as "inadvertently disclosed information"), such disclosure or production shall in no way constitute a waiver or forfeiture of, or estoppel as to, any claim of privilege or work product protection or immunity for such information and its subject matter in this Litigation or in any other state or federal proceeding.

    c. No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any right, privilege or other protection that the Producing Party had or may have had. In thereafter seeking production of the inadvertently disclosed information, the Receiving Party shall not assert waiver or estoppel as a ground for such production. Nor shall the Producing Party use the inadvertently disclosed information as a basis for arguing for the Receiving Party's counsel's disqualification. However, the return

of any Discovery Material to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the court for a ruling that the Discovery Material was never privileged, but in making any such motion, the Receiving Party shall not use the inadvertently disclosed information.

    d. If the Producing Party asserts that inadvertently disclosed information was privileged or otherwise protected from discovery, the Receiving Party shall immediately return the information and all copies thereof and destroy any electronic records (other than portions of back-up tapes, which should be destroyed in accordance with standard retention policies) or that portion of any notes or memoranda that reflect the substance of the information within fourteen business days of such request, and provide a certification of counsel that all such inadvertently disclosed information has been returned or deleted and/or destroyed, and shall not use such information for any purpose until further order of the Court. The Producing Party will maintain copies of all inadvertently disclosed information until any and all challenges to the Producing Party's privilege assertions regarding that information have been resolved by the Court.

    f. Within fourteen business days of the certification that such inadvertently disclosed information has been returned or deleted and/or destroyed, the Producing Party shall provide a privilege log with respect to the inadvertently disclosed information.

    14. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any appeals therefrom.

15. Within sixty days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation (including any appeal, rehearing, remand, trial or review of these actions), all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such Confidential or Highly Confidential Material. Counsel for each Party shall be entitled to retain for their own files copies of any correspondence, pleadings, briefs and exhibits thereto, any other court papers, deposition and trial transcripts and exhibits thereto, and any attorney work-product, which contain Confidential or Highly Confidential Discovery Material, provided that such counsel (and employees of such counsel) shall not disclose such materials to any person except pursuant to a court order or written agreement with the Producing Party. Such copies will remain subject to the restrictions herein.

16. If a Party is served with a subpoena or a court order issued in other litigation that compel disclosure of any information or items designated in this Litigation as Confidential or Highly Confidential, that Party must:

    a. promptly notify in writing the Designating Party. Such notification shall incude a copy of the subpoena or court order unless prohibited by law.

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential or Highly Confidential material may be affected.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential or Highly Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court.

17. In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

    a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    b. promptly provide the non-party with a copy of the Stipulated Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c. make the information requested available for inspection by the non-party, if requested.

If the non-party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and

expense of seeking protection in this court of its Confidential or Highly Confidential material.

**V.     Expert Discovery**

    1.     In order to avoid consuming the parties' and the Court's time and resources on potential discovery disputes relating to experts, the parties have agreed to certain limitations on the scope of expert-related discovery in this matter. For the purposes of this Stipulation, "expert" means an individual who is retained or specially employed by a Party in anticipation of litigation in this matter either to provide expert testimony at trial or to assist the Party in preparation for trial but not testify, as well as the staff and others working under the direction and control of such expert.

    2.     The following categories of documents shall not be subject to discovery or be the subject of inquiry at deposition, hearing, or trial in this matter:

    a.     Notes, memos, drafts, expert work papers, preliminary or intermediate calculations, computations, modeling, data runs, or other writings made by an expert or an expert's staff for the purpose of assisting the expert or an expert's staff in this matter; and

    b.     All documents relating to communications made for the purpose of assisting an expert in this matter (including without limitation memos, correspondence, e-mail, or other writings constituting such communications and notes, memoranda or other writings referring to such communications) between the expert witness and (i) attorneys representing the Party or Parties who retained or employed the expert (ii) other expert witnesses for the same Party or Parties, or (iii) any named Party (or any officer or employee of a named Party) who retained or employed the expert, except to the extent that the communications:

        i.     relate to compensation for the expert's study or testimony;

15
**[PROPOSED] PROTECTIVE ORDER**

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

    ii. are the source of facts or data that the expert relied upon in forming the opinions to be expressed; or

    iii. provide assumptions from attorneys representing the Party or Parties who retained or employed the expert that the expert relied upon in forming the opinions to be expressed.

  3. Except as provided above, nothing in this Stipulation modifies the Parties' obligation to provide the written reports required under Federal Rule of Civil Procedure 26(a)(2)(B); limits the Parties' conduct of discovery with respect to the opinions, facts, data, exhibits, qualifications, publications, prior testimony and compensation disclosed in those reports; or alters the Parties' obligation to produce all data on which those written reports are based, along with any instructions and associated computer software or programs that are necessary to permit the receiving Party to reproduce the analyses in the written reports, as well as all exhibits that will be used to summarize or support the reports.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

SIGNED this 27th day of April, 2018 _____
                Honorable Jean P. Rosenbluth
                United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Packaging Systems, Inc. v. PPG Industries, Inc., PRC DeSoto International, Inc., Case No. 2:16 CV 09127 ODW*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES